IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

DANIEL BELL,
ADC #140330                                                                              PLAINTIFF

2:09CV00084BSM/JTK

D. RAMSEY, et al.                                                                       DEFENDANTS

# PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.    Introduction**

This matter is before the Court on the Defendants' Motion for Summary Judgment (Doc. No. 44). By Order dated July 8, 2010, this Court directed Plaintiff to file a Response to the Motion within ten days of the date of the Order (Doc. No. 53). The Court later, by Order dated July 19, 2010, granted Plaintiff's Motion for Extension of time in which to file his response, within thirty days of the date of that Order (Doc. NO. 56).[1] As of this date, Plaintiff has not filed a Response to Defendants' Motion.

Plaintiff is a state inmate incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC). He filed this action against Defendants pursuant to 42 U.S.C. § 1983, alleging Defendant Ramsey unconstitutionally used excessive force

---

[1] In both Orders, the Court notified Plaintiff that failure to respond to the Court's Order could result in the dismissal without prejudice of his Complaint, pursuant to Local Rule 5.5(c)(2). While the Court could dispose of this case pursuant to that Rule for Plaintiff's failure to prosecute, the Court will address Defendants' arguments in support of their Motion.

against him during an incident which occurred at the Unit on January 29, 2009. Plaintiff also alleges Defendant Harmon failed to sufficiently investigate Plaintiff's allegations against Defendant Ramsey. Plaintiff asks for monetary relief from the Defendants.

**II.     Summary Judgment Motion**

    A.     Defendants' Motion

In support of their Motion, Defendants state Plaintiff's Complaint against them should be dismissed for failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. Defendants cite to case law requiring complete exhaustion of all administrative remedies prior to filing suit – Porter v. Nussle, 534 U.S. 731, 739, 741 (2001), and Booth v. Churner, 532 U.S. 731, 739 (2001). Defendants also attach a copy of the ADC grievance procedure, AD 09-01, which outlines procedures for inmates to follow in filing and appealing grievances (Doc. No. 45, Ex. C).

Specifically, Defendants state Plaintiff filed one grievance concerning his excessive force allegation against Defendant Ramsey, EAM-09-00370. However, Defendants state Plaintiff did not fully exhaust his grievance by filing an appeal from the Warden's April 17, 2009 decision denying the grievance. Furthermore, Defendants state Plaintiff filed no grievance naming Defendant Harmon or alleging Defendant Harmon failed to properly investigate his allegations against Defendant Ramsey.

In the alternative, Defendants state Plaintiff's claims for money damages filed against them in their official capacities should be dismissed because they are barred by the doctrine of sovereign immunity. Defendants also state they are entitled to qualified immunity.

    B.     Standard of Review

Summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, according to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, supra, 532 U.S. at 741, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered

through administrative procedures." In addition,"the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000) (quoting from Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir 2000). Furthermore, "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, 549 U.S. 199, 218 (2007), the Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."

    C. Analysis

According to the ADC Grievance Procedure, AD 09-01, the grievance process consists of three steps. The first step is the Informal Resolution, which should be submitted by the inmate within fifteen days of the occurrence of the incident. AD 09-01 IV.E.1. If the problem is not resolved, the inmate is to proceed to step two, and file a Formal Resolution. Following submission of a Formal Resolution, an inmate is to receive a written response within twenty working days of the receipt of the grievance. AD 09-01 IV.F.7. If an inmate does not receive a response within that time period, the inmate may move on to step three, which is an appeal to the Chief Deputy/Deputy/Assistant Director level, within five working

days.  AD 09-01 IV.F.8.   This appeal to step three also should be followed if an inmate is not satisfied with the response received in step two.  Following such an appeal, the inmate should receive a response at the third level within thirty working days of its submission.  AD 09-01 IV.G.6.

The grievance procedure also provides notice that complete exhaustion of the grievance process is required prior to the filing of a lawsuit by an inmate.  Section IV.C.4 provides, "Grievances must specifically name each individual involved for a proper investigation and response to be completed by ADC.  Inmates must fully exhaust the grievance prior to filing a lawsuit."  Section IV.N, entitled "Prison Litigation Reform Act Notice," further explains that the PLRA requires exhaustion "as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit."

Plaintiff submitted copies of his Informal Resolution and his Formal Grievance as an attachment to his Original Complaint (Doc. No. 2, pp. 6-7).  Defendants submitted a copy of the Acknowledgment of the Grievance, dated February 11, 2009, a copy of the Grievance Extension Form, dated March, 11, 2009, and a copy of the Warden's Response, dated April 12, 2009 (Doc. No. 46, Ex. B, pp. 3-6).  Defendants also provide a copy of a form signed by Tiffanye Compton, the ADC Grievance Supervisor, which states no grievance appeals were received from Plaintiff during the year of 2009.  (Id. at p.7)

In light of the documentation provided to the Court by the Defendants in their Motion, and the lack of a Response from the Plaintiff which creates a genuine dispute of material fact, the Court finds Plaintiff did not fully exhaust his administrative remedies with respect to his

claim against Defendant Ramsey. The Court also finds Plaintiff did not file a grievance naming Defendant Harmon, and therefore, did not exhaust his administrative remedies with respect to him. Therefore, Defendants' Motion for Summary Judgment should be granted.

### III. Conclusion

IT IS, THEREFORE RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 44) be GRANTED, and Plaintiff's Complaint against Defendants be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 20th day of September, 2010.

_____
United States Magistrate Judge